PREVEY *v.* SCHOOL DISTRICT NO. 6, CANNON TOWNSHIP.

1. SCHOOLS AND SCHOOL DISTRICTS—STATUTES—CONSTRUCTION—INSTRUCTION IN PHYSIOLOGY AND HYGIENE.

   Statute requiring instruction in physiology and hygiene to be given in public schools must be given construction reasonably serving its purpose (2 Comp. Laws 1929, §§ 7376, 7377).

2. SAME—CONSTRUCTION OF STATUTE.

   Statute requiring instruction in physiology and hygiene to be given in public schools does not require that said subjects be taught by use of textbooks as soon as child can read and daily thereafter until completion of eighth grade (2 Comp. Laws 1929, §§ 7376, 7377).

3. SAME—RURAL SCHOOLS—TEACHING REQUIRED SUBJECTS—COURSE OF STUDY.

   Course of study syllabus, prepared by State superintendent of public instruction, under 2 Comp. Laws 1929, § 7432, for guidance of teachers in rural schools, *held*, not in conflict with provisions of statute requiring teaching of physiology and hygiene in public schools (2 Comp. Laws 1929, §§ 7376, 7377).

4. SAME—TEACHER'S CONTRACT—BREACH OF CONTRACT—DIRECTED VERDICT.

   Teacher in rural eight-grade school, under contract to teach physiology and hygiene, did not breach her contract as matter of law by failing to teach said subjects by means of textbooks in sixth grade up to time of her discharge, where she intended to do so later in school year, and had followed course of study prepared for rural schools under authority of law by State superintendent of public instruction (2 Comp. Laws 1929, §§ 7376, 7377, 7432, 7691).

Appeal from Kent; Brown (William B.), J. Submitted April 12, 1933. (Docket No. 115, Calendar No. 37,187.) Decided June 5, 1933.

Assumpsit by Lyn Prevey against School District No. 6, Cannon Township, Kent county, for sums due under a teacher's contract. Directed verdict and judgment for defendant. Plaintiff appeals. Reversed, and new trial granted.

*Linsey, Shivel & Phelps,* for plaintiff.

*Menso R. Bolt,* for defendant.

WIEST, J. February 23, 1931, plaintiff entered into a written contract with defendant school district to teach its one-room, eight-grade rural school, for a period of nine months, commencing August 31, 1931. She entered upon her duties and taught until discharged by the school board on January 15, 1932. April 29, 1932, she brought this suit to recover the contract salary from the time of discharge to the close of the school year. At the close of the proofs the court directed a verdict against her on the ground that she had breached the contract in not teaching physiology and hygiene in the sixth grade, as required by law and the terms of her contract. On appeal plaintiff contends that she did not breach her contract as a matter of law, and the court should have left issues of fact to the jury.

The contract required plaintiff:

"To teach the subject of physiology and hygiene with special reference to the effects of alcoholic drinks and narcotics as is required by law, also to give instruction in regard to the mode by which dangerous communicable diseases are spread, the best methods for the restriction and prevention of such diseases."

The contract also provided:

"That in case the said Lyn Prevey shall be dismissed from school by the said district board for

* * * violation of this contract, * * * her (she) shall not be entitled to any compensation from and after such * * * dismissal."

The district board found breach of the contract in plaintiff's failure to teach physiology and hygiene.

The school code (2 Comp. Laws 1929, § 7376) provides:

"There shall be taught in every public school within this State the principal modes by which each of the dangerous communicable diseases are spread and the best methods for the restriction and prevention of each such disease. Such instruction shall be given by the aid of textbooks on physiology, supplemented by oral and blackboard instruction. No textbook on physiology shall be adopted for use in the public schools of this State, unless it shall give at least one-eighth of its space to the causes and prevention of dangerous communicable diseases and the requirements for maintaining good health."

Section 7377 provides:

"In addition to the branches in which instruction is now required by law to be given in the public schools of the State, instruction shall be given in physiology and hygiene, with a special reference to the nature of alcohol and narcotics, and their effect upon the human system. Such instruction shall be given by the aid of textbooks in the case of pupils who are able to read, and as thoroughly as in other studies pursued in the same school."

These statutes are expressive of public policy. The school code (2 Comp. Laws 1929, § 7691) also provides:

"Any neglect or refusal on the part of any superintendent, principal, or teacher, to comply with the provisions of this act, shall be sufficient cause for

dismissal from the school and cancellation of his or her contract by the board."

Plaintiff claims that she was guided in teaching by a so-called "Course of study syllabus. Daily program for one-room school—eight grades," promulgated by the State superintendent of public instruction under 2 Comp. Laws 1929, § 7432 (school code), reading:

"That in primary, graded, rural agricultural, and township districts the courses of study shall be prepared by the superintendent of public instruction except when said districts are located wholly or partially within a city."

The "syllabus" designated the course of study for the sixth grade without any requirement to teach physiology and hygiene. Plaintiff did not teach physiology and hygiene in the sixth grade by means of textbooks up to the time of her discharge, but averred the intention of doing so later in the school year.

The circuit judge evidently was of the opinion that the letter of the statute required such instruction in the sixth grade and the "syllabus" was without effect, and, therefore, constituted no valid excuse. The statute, requiring the mentioned instruction, must be given a construction reasonably serving its purpose. It serves its purpose without a holding that the mentioned subjects be taught by use of textbooks as soon as a child can read and daily thereafter until completion of the eighth grade. No such command is in the statute, nor should it be read in. The requirement that such instruction shall be given by the aid of textbooks and as thoroughly as in other subjects pursued in the same school carries its own modicum of common sense, and all that need be done is to so read it.

We find no conflict between the provisions of the statute and the "syllabus." Plaintiff's contract was to teach a primary school. The superintendent of public instruction was required by statute to prepare the course of studies and did so. Plaintiff followed the course so prescribed and it cannot be held that, in doing so, she breached the contract as a matter of law.

The court was in error in directing a verdict for defendant. Plaintiff asks for a new trial.

The judgment is reversed, and a new trial granted, with costs to plaintiff.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.